## MINSHULL v. ARTHUR.

*Conversion — silence does not extinguish claim founded on — Estoppel — receipt of dividend from bankrupt's estate.*

Defendant bought some railroad stock for plaintiff upon a margin deposited with him by plaintiff. Afterward defendant failed, made an assignment, and sold the stock. Plaintiff accepted a dividend from defendant's estate, and defendant was discharged under the bankrupt act. *Held* (1) that plaintiff's cause of action for the conversion of the stock would not be extinguished by plaintiff's silence, and (2) the receipt of the dividend would not of itself extinguish the claim, if not received with that intent, or with knowledge that receiving it would extinguish such claim.

APPEAL by defendant from a judgment in favor of plaintiff, entered upon the verdict of a jury, and from an order denying a new trial.

The action was brought in Kings county by William J. Minshull against Edward G. Arthur, to recover for a conversion of stock by the firm of Aldrich, Sharpe & Co., of which defendant was a member. The facts appear sufficiently in the opinion.

*J. T. McKenzie,* for appellant, cited *Hazard* v. *Spears,* 4 Keyes, 469; *Prince* v. *Clark,* 1 B. & C. 186; *Bell* v. *Shibley,* 33 Barb. 610; *Ferguson* v. *Hamilton,* 35 id. 427; *McLaren* v. *McMartin,* 36 N. Y. 88.

*George E. King,* for respondent.

BARNARD, P. J. The firm of Aldrich, Sharpe & Company, of which firm defendant was one of the members, agreed, to buy, and did buy, one hundred shares of the Chicago and Northwestern Railroad Company, preferred stock, in the spring of 1867, for the plaintiff. The plaintiff paid $1,000 to defendant's firm as margin. The stock declined and plaintiff put up $500 more margin in April, 1867, which he withdrew on July 8, 1867. In the latter part of July, the defendant's firm failed, made an assignment, and sold plaintiff's stock. The plaintiff received a small dividend under defendants' assignment, and the defendants were subsequently discharged under the bankrupt act.

The conversion of the stock is not denied, but the defendant seeks to defend this action upon two grounds:

1st. That the plaintiff has, since the conversion, waived the tort; and 2d. That the claim for the money has been discharged under the bankrupt law.

The plaintiff had a cause of action, has it been extinguished? If it has not he still has it. It was not extinguished by his silence when being informed of the unauthorized sale of the stock. There are cases when silence will conclude a party who suffers acts to be done inconsistent with his claim, and the rights of others are thereby prejudiced; but a failure to object after conversion without his knowledge is not such a case. The party has six years to enforce his claim. The receipt of the dividend of defendant's assignee did not of itself extinguish the plaintiff's claim. The dividend must

have been received with the intent thereby to extinguish the claim, or with the knowledge of the fact that the receipt of the money would extinguish it.

These questions were submitted to the jury, and we think, under the evidence, the verdict of the jury cannot be set aside by an appellate court.

The judgment is affirmed, with costs.

*Judgment affirmed.*